RE: TELEPHONIC CORPORATE RECORDS SEARCHES
THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR LETTER CONCERNING THE FOLLOWING QUESTION WHICH INCIDENTALLY HAD PREVIOUSLY BEEN ASKED BY THE SECRETARY OF STATE AS WELL:
 DOES THE OFFICE OF SECRETARY OF STATE HAVE THE STATUTORY AUTHORITY TO IMPLEMENT A FEE FOR CORPORATE RECORD SEARCHES VIA THE TELEPHONE?
BECAUSE THIS QUESTION DOES NOT PRESENT A NOVEL LEGAL ISSUE AND CAN READILY BE ANSWERED BY REFERENCE TO WELL-RECOGNIZED PRINCIPLES OF LAW, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS UNNECESSARY. THE CONCLUSIONS EXPRESSED BELOW ARE, THEREFORE, SOLELY THESE OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
OF COURSE, ANY RESPONSE TO YOUR INQUIRY MUST BEGIN WITH A REVIEW OF THE STATUTES INVOLVED. TITLE 28 O.S. 111 (1981) AS AMENDED MANDATES THAT THE SECRETARY OF STATE SHALL COLLECT FEES FOR PROVIDING VARIOUS SERVICES TO THE PUBLIC. IT PROVIDES IN PERTINENT PART:
 "A. THE SECRETARY OF STATE SHALL COLLECT THE FOLLOWING FEES:
 3. FOR COPY OF ANY PAPER OR DOCUMENT TO BE PAID FOR BY THE PERSON DEMANDING THE SAME, ONE DOLLAR ($1.00) PER PAGE, PROVIDED THE MINIMUM CHARGE SHALL NOT BE LESS THAN TWO DOLLARS ($2.00)."
IN ASCERTAINING THE LEGISLATIVE INTENT, THE LANGUAGE OF A STATUTE MUST BE GIVEN A LOGICAL AND REASONABLE CONSTRUCTION. WOOTEN V. OKLAHOMA TAX COMMISSION, 40 P.2D 672 (OKLA. 1935); THE INTENT OF THE LEGISLATURE IS TO BE ASCERTAINED FROM THE ENTIRE ACT IN LIGHT OF THE GENERAL PURPOSE AND OBJECTIVE OF THE STATUTE. MIDWEST CITY V. HARRIS, 561 P.2D 1357 (OKLA. 1977), ADAMS V. FRY, 230 P.2D 915 (OKLA. 1951). MOREOVER, STATUTES SHOULD BE CONSTRUED TO AVOID AN INTERPRETATION WHICH WILL RESULT IN ABSURD CONSEQUENCES. BANKERS UNION LIFE INS. CO. V. READ, 77 P 2D 26 (OKLA. 1938).
CLEARLY THE LEGISLATURE INTENDED TO PROVIDE A MECHANISM TO PERMIT A FEE FOR SIMILAR CORPORATE RECORD SEARCHES OTHER THAN THOSE WHICH LEAD TO A FEE FOR PAPER OR DOCUMENT REPRODUCTIONS. TITLE 28 O.S. 111(A)(11) SPECIFICALLY PROVIDES THAT FOR EACH SERVICE RENDERED AND NOT SPECIFIED IN THIS SECTION, SUCH FEES AS ARE ALLOWED FOR SIMILAR SERVICES IN OTHER CASES. VIRTUALLY THE SAME TIME AND EXPENSE IS INCURRED BY THE OFFICE OF THE SECRETARY OF STATE IN OBTAINING ANY CORPORATE INFORMATION AT THE PUBLIC'S REQUEST. TO BELIEVE THAT THE LEGISLATURE WOULD HAVE INTENDED A FEE FOR CORPORATE RECORDS SEARCHES WHICH CONVEY INFORMATION ON PAPER AND NOT FOR THE SAME SEARCH WHICH CONVEYS INFORMATION VIA THE TELEPHONE IS INDEED AN ANTIQUATED AND ABSURD CONSTRUCTION. A STATUTE MUST BE GIVEN A REASONABLE, SENSIBLE CONSTRUCTION IN PREFERENCE TO ONE WHICH RENDERS IT, OR A SUBSTANTIAL PART OF IT, USELESS OR DELETERIOUS. ROLLINS V. HEUMAN, 43 P.2D 147 (OKLA. 1935).
THE GENERAL PURPOSE AND OBJECTIVE OF 28 O.S. 111 (1981) IS TO PROVIDE ADEQUATE MEASURES TO RECOVER THE COST OF SERVICES RENDERED TO THE PUBLIC. SUBSECTION 111(A)(11) WOULD BE RENDERED USELESS IF IT IS NOT CONSTRUED TO PERMIT SIMILAR FEES FOR SIMILAR SERVICES RENDERED BY THE SECRETARY OF STATE. PROVIDING TELEPHONIC ACCESS TO INFORMATION WITHIN THE OFFICE OF SECRETARY OF STATE IS PROVIDING A SIMILAR SERVICE FOR WHICH IS A FEE IS NOT ONLY STATUTORILY PERMISSIBLE BUT IS MANDATED UNDER 111.
(TAMMY M. THOMPSON)